CASE 62—EQUITY—OCTOBER 8.

# Cooke v. Fidelity Trust & Safety Vault Co., Etc.
## Same v. Cooke, Etc.
## Cooke's Executor v. Burnett.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. DEVISES—ESTOPPEL BY ACCEPTING PROVISIONS OF WILL.—A
   widow who accepts the provisions of her husband's will in which
   it is distinctly provided that the devises and bequests therein
   contained are to be in lieu of all other interests in his estate
   of every character and description is estopped to claim any in-

Cooke v. Fidelity Trust & Safety Vault Co., etc.   Same v. Cooke, etc.

terest in community real estate situated in Texas and disposed of by the husband during his life time.

2. COMMUNITY PROPERTY.—RIGHT OF HUSBAND TO DISPOSE OF.—Under the laws of Texas, any real estate acquired by the husband during marriage might be disposed of by the husband alone and such disposition by the husband as a reasonable advancement to his children operated to divest the wife of any interest she might have in same.

3. ESTOPPEL—BY TAKING UNDER A WILL.—By the widow's election to take under the provisions of her husband's will, she estopped herself from claiming any interest not only in the estate left by him but also from claiming against those who claimed through or under him as legatees under his will or grantees in his life time.

4. ADVANCEMENTS NOT IN FRAUD OF MARITAL RIGHTS.—In the absence of any evidence in the record of any fraudulent purpose on the part of the decedent to deprive his wife of her interest in his estate in making advancements to his children, the widow will not be permitted to set aside conveyances made by the testator to his children, for the purpose of asserting her marital rights in the property.

5. GUARDIAN AD LITEM—FEE OF—BY WHOM PAYABLE.—Where a guardian *ad litem* is appointed for infant defendants to represent them upon a cross-petition filed by the widow in a suit by the executor to settle the estate, a reasonable fee to the guardian *ad litem* is chargeable to the plaintiff in the cross-petition and not to the executor, plaintiff in the original petition.

W. S. PRYOR, AND SIMRALL, BODLEY & DOOLAN FOR APPELLANT, MRS. COOKE.

UPON THE APPEAL OF MRS. COOKE AGAINST THE FIDELITY TRUST & SAFETY VAULT CO., EXECUTOR OF GEORGE E. COOKE, DECEASED.

1. The devise made by Dr. Cooke to his wife did not operate as a satisfaction of the debt which he owed her. 13 Am. & Eng. Enc. of Law, 82; 1 Pom. Eq. Jur., 3d edition, secs. 527, 528, 532, 533, 537 and 539; 2 Roper on Legacies, sec. 1044; Lisle v. Tribble, 92 Ky., 304; Cloud v. Clinkenbeard, 8 B. M., 397; Crostwaight v. Hutchinson, 2 Bibb., 407-410; Faris v. Dunn, 7 Bush, 276; Boughton v. Flint, 74 N. Y., 482; *In re* Huish, 43 Chanc., 260; Pratt v. Douglass, 38 N. J.. Eq., 516; Russell v. Minton, 15 Stewart (42 N. J. Eq.), pp. 123-127; Rusling v. Rusling, 42 N. J.

Eq., 594; Adams v. Olin, 61 Hun, 323; Denny v. Denny, 123 Ind., 242; Church v. Bull, 2 Denio, 431; Matthews v. Matthews, 2 Vesey, St., 635; Fuller v. Yates, 8 Paigt, 325 (4 Kent's Com., s. p., 58).

2. A devise by a husband of all his estate does not affect his wife's ownership interest in community property. Beard v. Knox, 5 Cal., 257; Carroll v. Carroll, 20 Tex., 743; Haley v. Gatewood, 74 Tex., 285; *In re* Gilmore, 81 Cal., 240; *In re* Gwin, 77 Cal., 313; *In re* Silvey, 42 Cal., 210; Dembitz on Land Titles, p. 1049, sec. 141; Ballinger on Community Property, secs. 234, 240, 241 and 251.

AND ON APPEAL OF MRS. COOKE AGAINST H. BRENT COOKE AND LOUISVILLE TRUST COMPANY, TRUSTEE, &C.

1. The appellant, under the community law of Texas, had a one-half ownership interest in all lands conveyed to her husband during the marriage. Ballinger on Community Property, secs. 34, 36, 78, 79, 81, 83 and 84; arts. 4638, 4641 and 4642 Paschal's Digest of Texas Statutes; Dembitz on Land Titles, vol. 2, pp. 845, 858; 6. Am. & Eng. Enc. of Law, (2d ed.), p. 307; Story's Conflict of Laws, secs. 186, 187 and note 5.

2. Under the community law of Texas Dr. Cooke was a statutory trustee for the appellant as to her one-half interest in the land purchased. Ballinger on Community Property, sections above cited; O'Brien v. Hilburn, 9 Tex., 298; McAllister v. Farley, 39 Tex., 559; Wright v. Hayes, 10 Tex., 134; Higgins v. Johnson, 20 Tex., 394; Schmetz v. Garey, 49 Tex., 60; Epperson v. Jones, 65 Tex., 427; Stiles v. Japhet, 84 Tex., 95.

3. Dr. Cooke under the law of Texas could not give away the community estate so as to defeat his wife's interest therein, or claim to the proceeds thereof. Ballinger on Community Property, secs. 81, 83 and 84; Dembitz on Land Titles, vol. 2, p. 852; Pom. Eq. Jur., vol. 1, sec. 503; Wright v. Hayes, 10 Tex., 134; Stramler v. Coe, 15 Tex., 215; Scott v. Maynard, Dallam's Digest, 548-551; Higgins v. Johnson, 20 Tex., 394; Smith v. Smith, 12 Cal., 225; Peck v. Brummagin, 31 Cal., 406; De Godey v. De Godey, 39 Cal., 164; Bister v. Menge, 21 La. Annual, 217.

4. The community law of Texas applies to all real property situated within its limits, whether owned by residents or non-residents, but it does not apply to any personal estate situated outside of the State or owned by persons domiciled outside the State. Story's Conflict of Laws, secs. 186, 187, and note 5; Ballinger on Community Property, sec. 12; Heidenheimer v. Loring, 6 Tex.

476          KENTUCKY REPORTS.          [Vol. 104.

Cooke v. Fidelity Trust & Safety Vault Co., etc.    Same v. Cooke, etc.

Civ. Appeals, 560; s. c. 26 S. W. R., 99; Gratton v. Weber, 47 Fed. Rep., 852; Depas v. Mayo, 11 Mo., 314.

5. Upon a sale of community lands in Texas, the proceeds being brought to Kentucky, the appellant could have applied to the courts of this State to enforce her equity for a settlement out of the proceeds of her interest in the community lands, if she had known of such sale.  Lay, &c., v. Brown, 13 B. M., 295; Bennett v. Dillingham, 2 Dana, 436; Moore v. Moore, 14 B. M., 208; Athey v. Knotts, 6 B. M., 24; Crook's Exor. v. Turpin, 10 B. M., 243; Thomas v. Harkness, 13 Bush, 23; Pom. Eq. Jur., sec. 1114, note 3.

HELM & BRUCE FOR THE EXECUTOR OF GEORGE E. COOKE.

Mrs. Cooke's election was not within the year prescribed by statute.  As the time for making same was extended by the court her election to take under the will was a deliberate one. It was manifestly the intention of Dr. Cooke in making provision for his wife specifically in the will that that provision, if accepted, should be in lieu of all other claims against his estate. It was the intention of the testator to exclude a claim of the widow against his estate on account of the disposition made by him of the community property.  Even a creditor has a claim against the estate *of some character*.  Alsop v. Barbee, 14 B. M., 522; Adams v. Olin, 61 Hun, 323; Denny v. Denny, 123 Ind., 242; Beard v. Knox, 5 Cal., 252; Carroll v. Carroll, 20 Tex., 731; Huhlein v. Huhlein, 87 Ky., 253; Walker v. Smyser, 80 Ky., 633.

SAME COUNSEL ON THE EXECUTOR'S APPEAL AGAINST T. L. BURNETT.

The order of the court allowing Judge Burnett a fee of $250, as guardian *ad litem* and ordering the same to be paid by the plaintiff, the executor of Dr. Cooke's estate, is erroneous and should be set aside.  For whatever services he rendered as guardian *ad litem* on the cross-petition of Mrs. Cooke, his claim is against her.

C. B. SEYMOUR FOR APPELLEE, THE LOUISVILLE TRUST COMPANY, TRUSTEE.

1. Under the Texas laws the land conveyed by Dr. Cooke to his children never was community property.

2. When sale was made, the proceeds became personalty and by the

law of the domicile (Ky.) Dr. Cooke had a right to reduce these proceeds to possession.

3. The election to take under the will excluded the appellant, Mary C. Cooke, from further presenting her claim.

Citations as follows:   Paschal's Digest, secs. 4638, 4642; 4 Tex., 187; 7 Tex., 6; 9 Tex., 163; Townes v. Durbin, 3 Met., 356; Am. & Eng. Enc. of Law, 539;  Berry v. Wall, 23 Tex., 588;  Lord v. Hough, 43 Cal., 581;  Johnson v. Harrison, 48 Tex., 267;  Van Maaren v. Johnson, 15 Cal., 310;  De Godey v. De Godey, 39 Cal., 164;  Civ. Code, sec. 62;  Bliss on Code Pl., sec. 430;  Civ. Code, sec. 134; Newman Pl. & Pr., pp. 162, 699;  Nat. Mutual Ben. Asso. v. Jones, 84 Ky., 110.    *

T. L. BURNETT, AND LANE & BURNETT FOR LOUISVILLE TRUST COMPANY, TRUSTEE FOR THE WIVES AND CHILDREN OF J. ESTEN COOKE AND H. BRENT COOKE.

1. Under the statute law of the State of Texas as construed by the courts of that State, the purchase by and conveyance of lands in that State to non-residents of that State operate to create a separate estate in such lands in the person to whom the same was conveyed and whose means, capital or estate was used in its purchase. Paschal's Digest, secs. 4642, 4641, 4638, 4639; Powell v. Blane, 23 Tex., 66-76; McIntyre v. Chappels, 4 Tex., 197; Castro v. Illies, 22 Tex., 497; Hall v. Harris, 11 Tex., 306; Higgins v. Johnson, 20 Tex., 394; Smith v. Smith, 12 Cal., 223; Love v. Robertson, 7 Tex., 6; Elmendorf v. Taylor, 10 Wheaton, 152; Beard v. Basye, 7 B. M., 133.

2. The election by the wife to take under the will disposing of the community property is a waiver of her right to a community interest. Moss v. Halsley, 60 Tex., 426; Clay v. Hart, 7 Dana, 6; Dawson v. Hays, 1 Met., 460; Short v. Galway, 83 Ky., 501.

3. The law of the place of marriage determines the marital rights of the husband in the personal property of the wife. Beard v. Basye, 7 B. M., 133; Sheriff v. Buckner, 1 Littell, 129; Basham v. Chamberlain, 7 B. M., 443; Bell v. Weatherford, 12 Bush, 505; South's Heirs v. Hoy's Heirs, 3 Mon., 86; Property acquired by marriage is property acquired by purchase. McAllister v. Brand, 11 B. M., 370.

4. A ratification conclusively presumes previous authority and consent. Bank of Owensboro v. Western Bank, 13 Bush, 526; and a

478        KENTUCKY REPORTS.        [Vol. 104.

Cooke v. Fidelity Trust & Safety Vault Co., etc.    Same v. Cooke, etc.

ratification must be of the whole, can not be of a part; vol. 1, p. 434. Am. & Eng. Enc. of Law; a wife's equity attaches to an estate she brings with her, not to an estate belonging to or created by the husband. Wells v. Cochran, 13 Tex., 127; Brooks v. Hicks, 12 W. R., 703.

5. There can be no fraud practiced by the husband upon the rights of a wife in the exercise by the husband of the powers of disposition vested by the law in him of community property when the power is exercised in a lawful manner and for purposes approved of by the law. Paschal's Digest, 3458; Wright v. Wright, 3 Tex., 175; and when the property is the separate property of the husband the wife has no cause of complaint. Love v. Roberts, 7 Tex., 10-11.

6. The courts of Kentucky have no jurisdiction to pass on the rights of these parties or the title of the parties to this action to the lands in Texas. Short v. Galway, 83 Ky., 501; Story on Conflict of Laws, secs. 553, 552, 591; Townes v. Durbin, 3 Met., 352; Page v. McKee, 3 Bush, 135; Watt v. Waddle, 6 Peters, 389; Burns v. Davidson, 21 Ontario, 547.

7. The father has the right under the civil law to make a reasonable advancement to his children out of the community property and the wife has no just cause of complaint thereat. Patterson v. Patterson, 15 Ky. Law Rep., 755; Farmer v. The Creditors, 6 La. An., 459; Bolder v. Hanlon, 32 La. An., 88; Cotton v. Cotton, 34 La. An., 858-859; Smith v. Smith, 12 Cal., 225; Ford v. Hough, 43 Cal., 581; Moss v. Halsley, 60 Tex., 426.

8. The law of the domicil at the time of the marriage determines the marital rights of the parties in the personal estate. Sheriff v. Buckner, 1 Littell, 126; Alexander v. Smith, 2 Duv., 518; Cox v. Coleman, 13 B. M., 451; Hall v. New Farmers' Bank's Trustee, 17 Ky. Law Rep., 702; and a wife can not properly complain of a judicious and legal exercise by the husband of the power of disposition by him of his estates. Patterson v. Patterson, 15 Ky. Law Rep., 755; Simpson v. Simpson, 15 Ky. Law Rep., 353; Manikee v. Beard, 85 Ky., 20; 8 Ky. Law Rep., 736.

T. L. BURNETT, IN HIS OWN BEHALF, AS APPELLEE IN THE CASE OF COOKE'S EXECUTOR V. BURNETT.

The chancellor required the executor of George E. Cooke to make the nephews—grandchildren of the testator—parties defendant to the petition. They were so made, and appellee was

appointed by the court to make defense for them and for the services rendered, the court in its judgment and in strict accordance with the provisions of the statutes, allowed appellee the sum of $250, which sum was paid upon the order of the court. The allowance was reasonable and was properly chargeable to the executor.

WM. S. PRYOR AND SIMRALL, BODLEY & DOOLAN IN A PETITION FOR A MODIFICATION OF THE OPINION.

The costs of this court and the costs of the lower court occasioned by the failure of the appellees, H. Brent Cooke and others, to demur to appellee's cross-petition, must, under the law, be adjudged in favor of the appellant. Civ. Code, sec. 93, sub-sec. 2; Mast v. Lehman, 100 Ky., 464 (18 Ky. Law Rep., 949); Moore v. Moxey's Admr., 19 Ky. Law Rep., 160; Davis v. Moxey's Admr., 19 Ky. Law Rep., 178; Combs v. Pridmore, 19 Ky. Law Rep., 1934.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

Dr. George E. Cooke died a citizen and resident of Louisville in December, 1893. He left a large estate, which he disposed of by last will and testament, which was probated and admitted to record, and by the terms of the will he appointed the Fidelity Trust and Safety Vault Company executor thereof. By the third paragraph of his will he devised to his wife certain real estate in the city of Louisville (which was specifically described in the will) for life, and also one-third of his personal estate left after paying his debts. He also states in this connection that he had previously given to his wife a house and lot in the city of Louisville. He then makes the following declaration of his purpose and intention in making these provisions for her: "This devise to my wife is in lieu of all other interests in my estate of every character and description, and is believed by me to be fair and just to her, as all of the real estate described is first-class, improved property, on which the rents are promptly paid and collected, and which, in

**480**        KENTUCKY REPORTS.        [Vol. 104.

Cooke v. Fidelity Trust & Safety Vault Co., etc.    Same v. Cooke, etc.

my judgment, and from a thorough knowledge of my property, I believe will give her less trouble than any other she could get from my estate; and the said property hereby devised, exclusive of that which I have given her during my life, is, in my judgment, fully equal in value to one-third of the total value of my real estate, wherever situated." His executors brought this suit for a settlement of his estate, making the widow, Mary C. Cooke, his two sons and their wives, and certain creditors parties defendant. The widow made her answer a cross petition, and sought to have the time extended in which to determine whether she would renounce the provision made for her by the will, and also sought to recover one-half of the proceeds of the sale of certain lands which had been purchased by her husband in Texas during coverture, the title to which had been taken in his name, and which had been subsequently sold by him, and the proceeds of sale collected, and held by him at the time of his death. And she alleged that her husband during his lifetime, had conveyed by deed to his two sons, H. B. and J. E. Cook, ten thousand two hundred and forty acres of this land, as trustees for the benefit of their wives and children, one-half of which she claims under the law of the State of Texas to have been her property; her case against appellees resolving itself into five branches. She seeks to recover: First, a half interest in a lot of these lands which stood in the name of Dr. Cooke at the time of his death; second, a half interest in the lands which have been conveyed by Dr. Cooke in his lifetime to his sons, Brent and Esten Cooke, as trustees for their wives and children, and which had never been sold, either by Dr. Cooke while living or by his sons after his death; third, one-half of the proceeds of certain portions of land conveyed to Brent and Esten

Cooke, which were sold by their father, and conveyed by them at his instance, and which were represented in part by notes amounting to about $3,750, which were on hand at the death of George E. Cooke, payable to Brent and Esten Cooke, and which he directed should be given to them; fourth, one-half of the proceeds of the portion of these lands which had been transferred to Brent and Esten Cooke, as trustees, which was sold by them, and the proceeds collected, after the death of their father; fifth, a portion of the lands which was conveyed to Brent and Esten Cooke, which was sold by their father, and conveyed by them, at his instance, and the whole of the purchase money collected by their father.

This claim of the widow is based upon articles 4641 and 4642 of Paschal's Digest, of the Laws of Texas. Article 4641 provides: "All property, both real and personal, of the husband, owned and claimed by him before marriage, and that acquired afterwards by gift, devise or descent, as also the increase of all lands or slaves so acquired, shall be his separate, property (same as to the wife); provided, that during the marriage the husband shall have the sole management of all such property." And article 4642 provides: "All property acquired by either husband or wife during marriage, except that which is acquired in the manner specified in the second section of this act [which is article 4641, *supra*], shall be deemed the common property of the husband and wife, and during marriage, may be disposed of by the husband only. He shall be liable for the debts of the husband and the debts of the wife contracted during marriage for necessaries, and upon the dissolution of the marriage by death the remainder of such common property shall go to the survivor if the deceased

have no child or children, but if the deceased have a child or children the survivor shall be entitled to one-half the said property, and the other half shall pass to the child or children of the deceased." The chancellor extended for eleven months the time for her to make her election whether she would renounce the provision of the will, to enable her to accurately inform herself of the nature, character, and value of her husband's real estate, and after such extension had been given her to become acquainted with her rights to the estate, she elected to accept the provision made in the will for her benefit. The chancellor then held that this electiion ended all her claim against the decedent's estate, and sustained the demurrer of the executor to her counterclaim. She continued, however, to prosecute her cross petition against H. B. and J. E. Cooke, as trustees, seeking a recovery of one-half the Texas lands conveyed to them by decedent, and to be reimbursed for one-half the proceeds of such of those lands as had been disposed ofi; and upon final hearing of this branch of the case the chancellor dismissed her cross petition on this branch also, and appellant brings her appeal to this court, and asks a reversal of both judgments.

Her claim is based upon the idea that these Texas lands were community property, and that, as soon as her husband acquired title to them, she became vested with the fee-simple title to one-half thereof; and that the gift by him to his two sons of ten thousand two hundred and forty acres of these lands, in trust for their wives and children, so far as she was concerned, was fraudulent, and was made with the fraudulent intent to deprive her of her legal interest therein, and that the grantees knew of such fraudulent purpose on the part of her husband.

The proof in the record shows that Dr. Cooke and his

wife were citizens of, and resided in, the State of Ken-
tucky, and never had their domicile anywhere else; and
the question, as we understand it, is, can appellant claim
under the will of her deceased husband, and at the same
time assert claim to other portions of his estate? There
can be no doubt that testator intended that the provision
made for his wife in the third paragraph of his will should
be in full of all interests in his estate "of every character
and description," and this court must give effect to this
plain purpose of the testator It has been often decided
by this court that a widow is not entitled to dower in addi-
tion to the devise made to her in the will, unless it affirma-
tively appears from the will, that the testator so intended
(see Huhlein v. Huhlein, 87 Ky., 247) [8 S. W., 260], and
that, when the devisee under a will accepts property of the
testator devised to him, he thereby relinquishes the right
to property of his own which the testator has undertaken
to devise to another (see McQuerry v. Gilliland, 89 Ky.,
434); [12 S. W., 1037]. If a devisee accepts a devise of
testator's property to him, he is estopped to claim the
property of his own which the testator has, by the same
instrument, devised to another. See Brossenne v. Schmitt,
91 Ky., 465 [16 S. W., 135]. In the case at bar the cross
plaintiff, having elected to take under the will of her de-
ceased husband, is estopped from asserting claim to prop-
erty conveyed by him at any time in his life, whether it be
located in Texas or elsewhere. The claim asserted in this
action by the cross plaintiff is a provision of the law of
Texas for widows, and grows out of and is incident to the
marriage relation, and is in reality a provision analogous
to the dower of the common law; and when the husband,
out of his own estate, and by his own will, makes a provi-
sion for his wife in lieu of what the law gives and secures

484    KENTUCKY REPORTS.    [Vol. 104.

Cooke v. Fidelity Trust & Safety Vault Co., etc.    Same v. Cooke, etc.

to her, and she accepts the provision thus made, she then and there estops herself from afterwards asserting any of her marital rights in his estate, or from contesting any disposition he may have made thereof in his lifetime. By appellant's election to claim under her husband's will, she cuts herself off, not only from claiming against her husband's estate, but also from claiming against those who claim through or under him as legatees or grantees. Under the Texas statute Dr. Cooke had the right, at any time during his life, without the consent of his wife, to sell and convey by deed any or all the Texas lands, and such conveyance would have invested the purchaser with perfect title to lands situated in Texas, free from all the marital rights of the cross plaintiff therein; and the purchase price of such sale, either in money or notes, or both, by reason of the domicile of decedent in Kentucky, and the laws governing therein, would have become the absolute property of decedent, as the law of the domicile of the husband fixes the extent of the wife's interest in his personal estate, and of the husband's rights in the personal estate of his wife, as the statute then was (see Cox v. Coleman, 13 B. Mon., 452, and Townes v. Durbin, 3 Met., 356); and his disposal of the Texas lands disposed of any claim the appellant might have had thereto.

If appellant had renounced the provision made for her by the will of her husband, and the proof had shown that the husband, with the express purpose to defeat the marital interest of his wife in his estate, had the title to his property taken in the names of his children, or other persons, with the fraudulent intent to deprive her of dower, then she could have maintained her action for her interest in such property; but the right of a father to make advances

Vol. 104]   SEPTEMBER TERM, 1898.   485

Cooke v. Fidelity Trust & Safety Vault Co., etc.   Same v. Cooke, etc.

to his children during the existence of the marriage relation, if they are reasonable, will not be disturbed by a chancellor at the instance of the wife, notwithstanding they may diminish in amount the marital interest in her husband's estate. This doctrine has been thoroughly considered by this court in Mannikee's Adm'r v. Beard, 8 Ky. Law Rep., 737 [2 S. W., 545], and in the more recent case of Patterson v. Patterson's Exr., 15 Ky. Law Rep., 755 [24 S. W., 880]. In the latter case a father, worth about $100,000, had given one of his sons about $20,000. He purchased and paid for realty worth almost $20,000, and conveyed it to his son. His wife sued for divorce. He seems to have had no affection for her, and, no doubt, made her life miserable. The court in that case says: "Nothing was done by him to contribute to her happiness, but his entire conduct indicated an aversion to her that amounted to hatred;" yet this court refused to set aside such conveyance. In this case the provisions made by Dr. Cooke for his sons and their families by the trust deeds of May 1, 1889, considering the extent of his estate, was not an excessive provision for his children; and there is no evidence in the record of any fraudulent purpose on the part of decedent to deprive appellant of her interest in his estate in making them. The cross petition against the grantee in these deeds was, therefore, properly dismissed.

Another question is presented by the appeal prosecuted by the executor from the judgment of the circuit court making an allowance of $250 to T. L. Burnett, as guardian *ad litem* of the infant children, and charging this allowance to the executor, and ordering him to pay it. The facts, as we gather them from the record, are substantially as follows: When the original petition was filed, the infant children of Brent Cooke were not made defendants,

and when Mrs. Cooke, the widow, filed her answer, she made it not only a counterclaim against the plaintiff, but also a cross petition against Brent and Esten Cooke, both individually and as trustees for their wives and children under the deed of trust which had been executed to them by Dr. Cooke in his lifetime; and by an amendment filed October 17, 1894, she made the wives and children of Brent and Esten Cooke defendants to her cross petition, and asked that a guardian *ad litem* be appointed for the infant defendants on this cross petition. On this cross petition of Mrs. Cooke against Brent and Esten Cooke and their infant children T. L. Burnett was appointed guardian *ad litem* for the infant defendants, and as such guardian *ad litem* filed, on October 15, 1895, answers for the two sets of children, praying that their interests be protected; and on October 24, 1895, he filed an amended answer, in which he alleged that George E. Cooke, during his lifetime, had conveyed certain properties to Brent and Esten Cooke, respectively, in trust for their wives and children, and that subsequently large portions of this property had been sold and conveyed, and that Dr. Cooke had received the proceeds of the sale, for which he failed to account. At that time Burnett was only the guardian *ad litem* on the cross petition of Mrs. Mary C. Cooke, the widow. Subsequently the plaintiff filed an amended petition, November 4, 1895, in which he made these defendants for the first time defendants to the original action. But in the meantime, before this amendment was filed, Brent and Esten Cooke had been respectively appointed statutory guardians for their infant children, and the amendment stated this fact, and made the two guardians parties to the action, and the statutory guardians of the children filed answers for them, in which they alleged, in substance, what had been previ-

ously alleged by the guardian *ad litem* on the cross petition of Mrs. Cooke. These answers were filed November 9, 1895. Several months later—in March, 1896—the case was submitted on the cross petition of Mrs. Cooke against Brent and Esten Cooke, their wives and children, and on the 28th day of March, 1896, the case was decided by the chancellor and the cross petition dismissed. In his opinion the chancellor goes on to say: "There is a fact in this case, however, that calls for the interference of the chancellor by the deeds of May 1, 1889, by which Dr. Cooke conveyed 5,020 acres of land to each of his sons, Brent and Esten Cooke, in trust for their wives and children, with power of sale given, the proceeds to be reinvested in real estate with like trust. The wives and children were then made defendants, and T. L. Burnett was appointed guardian *ad litem* to protect the infants' property rights. Thereupon the fathers were appointed guardians of their respective children, thereby dispensing with the services of the guardian *ad litem*. And, it appearing, from the depositions of the trustees, taken by the guardian *ad litem* before his retirement from the case, that the trustees had sold $12,000 worth of these trust lands, and turned the money over to Dr. Cooke, or directed him to collect it without surety, and that these facts were first pleaded by the guardian *ad litem* on October 24, 1895, and afterwards by the guardian *ad litem* two weeks later, on November 9, 1895, and as it does not appear who was surety upon the bonds of the statutory guardians, it is perfectly apparent that the individual interests of the fathers and the interests of their wards are directly antagonistic. And under the authority of Walker v. Smyser's Ex'rs, 80 Ky., 633, the court is of the opinion that under the circumstances of the case the interests of the

children should be represented by a guardian *ad litem.* And the court has not only the right, but it is its duty, to appoint a guardian *ad litem* for them whenever the interests of the statutory guardian are opposed to the interests of his ward; and in accordance therewith T. L. Burnett is appointed guardian *ad litem* for the purpose of preparing and prosecuting their claim against the estate of George E. Cooke, deceased." Acting under this appointment, the guardian *ad litem,* on April 4, 1896, filed answers, repeating the charges made in the answer which he filed as guardian *ad litem* on the cross petition of Mrs. Cooke. Subsequently the two statutory guardians tendered their resignations as trustees, which were accepted, and the Louisville Trust Company was appointed trustee for each of them under the two deeds of trust on April 14, 1896, and immediately thereafter filed its answer and counterclaim as trustee under each of the deeds for the benefit of the wives and children of Brent and Esten Cooke, making the allegations which had previously been made in the answers of the guardian *ad litem.* These answers were filed for the trust company by the guardian *ad litem* as one of its counsel. The question whether there is a good cause of action in favor of the infant defendants set up by the guardian *ad litem* in his cross petition against the plaintiff is not a question now before this court. Nor have we properly before us the question as to the authority of a guardian *ad litem* to prosecute such a claim, in view of the fact that the infants are represented in the record by a trustee, whose duty it is to protect their interests. Neither can we consider what allowance should properly be made to him for services in such proceeding. These questions must await the determination of the litigation in progress in the lower court. On this appeal we have only the question of

the allowance to the guardian *ad litem* growing out of the services rendered by him under his appointment on the cross petition of Mrs. Cooke, as whatever services he has rendered were as guardian *ad litem* under his original appointment; and for that service the original plaintiff in this action is not responsible. But appellee Burnett is entitled to a reasonable allowance for such services as he has properly rendered as guardian *ad litem*, to be taxed as costs against Mrs. Cooke on the dismissal of her cross petition. For the reasons indicated in this opinion, both judgments appealed from are affirmed, so far as appellant is concerned; but, in so far as appellee Burnett is allowed a fee of $250 as guardian *ad litem*, to be paid by plaintiff, the judgment is reversed, and the cause remanded for proceedings consistent herewith.