Gertrude HANNAH, Movant,

v.

James Jim HANNAH, Respondent.

No. 89–SC–960–DG.

Supreme Court of Kentucky.

Feb. 13, 1992.

David LeMaster, Paintsville, for movant.

John R. Triplett, Inez, for respondent.

LEIBSON, Justice.

Movant, Gertrude Hannah, brought an action against her deceased husband's brother to recover $50,000 that her husband had transferred to a joint bank account in his name and his brother's name. The money belonged to the decedent, and the transfer occurred after the marriage. The widow's suit was based solely on the theory that the transfer was an oral trust for her benefit. The trial court held otherwise.

She also argued, although not as part of the pleadings, that she should have the right to rescind the transaction based on the claim that the transfer was made with the intent to deprive her of her dower interest. She claims she is entitled to the $50,000, plus interest, because the transfer was fraudulent and should be voided.

The trial court granted judgment for the respondent, and the Court of Appeals affirmed.

Movant was the sole beneficiary under her husband's will. She received his entire estate, which included a house, another piece of real estate, and all his personal property and all monies in any accounts except those placed in the certificates with his brother. Movant has not elected to take a widow's share against the will. She maintains that she is entitled to both the benefits under the will and her dower rights in the $50,000 that her husband gave away and thus was no longer part of his estate.

At this stage we are asked to decide if a widow who accepts what the will provides can also claim a right to her dower share.

The statutory scheme to Descent and Distribution for those who die intestate is set out in KRS Ch. 391 and for Dower and Curtesy in KRS Ch. 392. Within this scheme, the General Assembly has provided the surviving spouse with a "dower" interest in the decedent's estate which she can assert, if there is a will, *only* by renouncing the will and releasing what is given to her under the will. KRS 392.080. KRS 392.020 delineates the extent of the dower interest.

■ A person may avoid application of the intestate statute by executing a will that draws his own plan for distribution of his property. In doing so, the testator may disinherit, wholly or partially, relatives who would have otherwise taken under the intestate statute. While the testator can disinherit very close relatives, he cannot disinherit his surviving spouse. 48 ALR 4th 972, 979. A surviving spouse is protected from total disinheritance by KRS 392.080, *supra*. If the surviving spouse is not satisfied with the provisions under the will, the statute permits the surviving spouse to renounce the will of the deceased spouse, and to receive as her portion of the estate her dower interest. *See* 48 ALR 4th 972, 979.

■ Pursuant to KRS 392.080(1), the surviving spouse must renounce the will within six months after the probate of the will, and if she does so she will receive "her share under KRS 392.020 [the dower section] as if no will had been made...."

We note that KRS 392.080(2) further provides that the surviving spouse may receive her dower share in addition to any bequest made by the will "*if* such is the intention of the testator, plainly expressed in the will or necessarily inferable from the will." [Em-

phasis added.] But this has no application to the present fact situation.

A number of Kentucky cases have held, when reading KRS 392.080(1) and (2) together, the statute means "that where a husband makes a provision for his wife in his will, it will be presumed that the devise or bequest was in lieu of the interest given by KRS 392.020 unless a contrary intention appears from the will or is necessarily inferable from it." *Ray v. Ray*, 298 Ky. 162, 182 S.W.2d 664, 666 (1944), citing: *Maynard's Adm'r v. Maynard*, 285 Ky. 75, 146 S.W.2d 343 (1940); *Perry v. Wilson*, 183 Ky. 155, 208 S.W. 776 (1919); *Smith v. Perkins*, 148 Ky. 387, 146 S.W. 758 (1912).

Therefore, if the surviving spouse fails to renounce the will, she loses her right to dower. *Smith v. Perkins* explains:

"It is wholly immaterial whether the will disposes of the entire estate of the husband or not, for, having made such provision for her as he desired her to have, if she is not satisfied with it, she must renounce it and take under the law. Failing to do this, she loses her right." 146 S.W. at 760. *See also Kentucky Trust Company v. Kessel*, Ky., 464 S.W.2d 275 (1971).

Similarly, *Cook v. Fidelity Trust & Safety-Vault Co.*, 104 Ky. 473, 47 S.W. 325 (1898), held that:

"[W]hen the husband, out of his own estate, and by his own will, makes a provision for his wife in lieu of what the law gives and secures to her, and she accepts the provision thus made, she then and there estops herself from afterwards asserting any of her marital rights in his estate, or from contesting any disposition he may have made thereof in his lifetime.... [S]he cuts herself off, not only from claiming against her husband's estate, but also from claiming against those who claim through or under him as legatees or grantees."

■ The purpose of the dower statute is to insure that a surviving spouse will not be left disinherited and destitute. The stat-

ute is to apply in only those limited situations. It was not meant to utterly destroy the testator's ability to give and devise his property as he desires so long as the spouse was provided for. If the widow is not satisfied with the will provisions, she can elect to seek her statutory remedy. But the plain language of the statute makes clear that she cannot have both.

As *Bayes v. Howes*, 113 Ky. 465, 68 S.W. 449 (1902), states: "she is not allowed to accept what is given her by will and at the same time defeat the object and intention of the devisor by asserting her right to dower, but must make her election."

■ In the instant case, Ms. Hannah did not renounce the will as required by KRS 392.080. Instead, she probated the will and accepted and received the benefits of the will. By doing this she lost her right to her dower interest, and takes as any other devisee. Because she has no dower interest, she has no standing to assert her claim that a fraudulent transfer was made to defeat her dower interest.[1] Thus we are unable to address the issue of fraud on the dower interest as the Court did in *Harris v. Rock*, Ky., 799 S.W.2d 10 (1990). In that case the Court reached the issue because the decedent died intestate and statutory requirements to renounce the will were not involved.

■ Furthermore, the estate cannot bring an action to rescind a transfer that was made with the intent to deprive the wife of her dower interest. In *Martin v. Martin*, 282 Ky. 411, 138 S.W.2d 509, 513 (1940), the Court held the administrator had no right to assert a cause of action to prove a transfer was made by the decedent to defeat the widow's dower interest. Only the widow individually had such right. *Martin* held the administrator of the estate has rights only as great as the decedent; the decedent who made the voluntary transfer of the personal property to another for the purpose of defrauding his intended wife had no right to recover money from

---

1. If this Court allowed her to assert such a claim now to take her dower rights rather than taking under the will, it would be permitting her to renounce the will past the time prescribed by statute.

his transferee, and therefore the administrator had no cause of action against the transferee. Thus in *Martin* the administrator was denied recovery of the money.

In conclusion, if a surviving spouse brings a claim that a fraudulent transfer was made with the intent to deprive her of her dower interest, she must, within the allotted time, renounce the will that makes provisions for her and thereby invoke her statutory right to her dower interest. Failing to do this, the widow takes as a devisee the bequests made by the will and her right to dower ceases. In this case, the widow has taken under the will and thus is precluded by statute to take her dower interest in addition thereto.

This is the result the statutes require. "Hoc quidem perquam durum est, sed ita lex scripta est." Translation: "This indeed is very hard, but such is the written law." 3 Blackstone, Commentaries, 430.

For these reasons, rather than those stated in the Court of Appeals' Opinion, we affirm the trial court's judgment.

All concur.