Marcella SANDERS, Appellant,

v.

Michael D. PIERCE, Executor of the Estate of Murl Sanders, Jr., Deceased; Bruce Sanders; Lennie Sanders; Janice Sanders Boyd; and Cindy Sanders Laxton Appellees.

No. 97–CA–0453–MR.

Court of Appeals of Kentucky.

July 2, 1998.

Discretionary Review Denied by Supreme Court Dec. 9, 1998.

Thomas Turner, Madisonville, for appellant.

W. Howell Hopson, III, Cadiz, for appellees.

Before DYCHE, EMBERTON and JOHNSON, JJ.

## OPINION

DYCHE, Judge.

Marcella Sanders appeals from an order of the Trigg Circuit Court denying her motion for partial summary judgment, and granting appellees' motion for summary judgment. Although appellant has listed several grounds for appeal, the real questions at issue are whether Marcella Sanders received any property under the holographic will made by her husband, Murl Sanders, Jr., or, if not, whether she made a timely renunciation of the will.

Murl Sanders, Jr. (Sanders), died on April 7, 1991, and was survived by his wife, Marcella Sanders, and three children, Bruce Sanders, Janice Sanders Boyd, and Cindy Sanders Laxton. Two wills were admitted to probate on April 16, 1991. The first, dated November 29, 1988, left Sanders's entire estate to Marcella and the three children. The second, a holographic will dated November 7, 1989, reads in its entirety:

> This letter takes precedence over all other written matter. I wish to leave my estate as follows.
>
> Bruce Sanders to receive what is known as White Farm. Janice Sanders Boyd to receive $400,000 in cash. Cindy Sanders Laxton to receive $400,000 in cash. Bal to be equally divided among Bruce, Janice, and Cindy after Marcella's death.
>
> /s/ Murl Sanders Jr.

The White Farm mentioned in the will had already been conveyed to Bruce Sanders on November 7, 1989. The deed was recorded on April 3, 1991.[1]

The 1991 order probating the wills also appointed as executor of the estate Michael Pierce, a certified public accountant who had handled the family's finances for a long period of time. In 1992, Pierce requested the legal opinion of H.B. Quinn, counsel for the estate, as to the validity of the wills entered into probate. Quinn advised that the second will was valid, and that it revoked the first will. Upon motion of the administrator of the estate, the Trigg District Court entered an order on April 16, 1993, confirming that the latter will should have been the only one admitted to probate, and stating that by its terms the 1989 will revoked the 1988 will.

Bruce Sanders had held power of attorney for Marcella Sanders for some time prior to September, 1993, although the record is unclear about precisely how long he had served in that capacity. Nevertheless, on September 23, 1993, Marcella made Michael Pierce her attorney-in-fact. The power of attorney was prepared by Marcella's attorney at that time, Rick Lamkin. Shortly thereafter, in October, 1993, her children became concerned about their mother's emotional wellbeing, and filed a petition in Trigg District Court for the involuntary hospitalization of Marcella Sanders. She was briefly hospitalized, released to home nursing care for some time, and underwent a court-ordered outpatient mental evaluation. The petition was dismissed on March 21, 1995. By agreed order on the same date, Michael Pierce was named to continue to serve under a limited power of attorney, assisting Marcella with her financial affairs.

In August, 1995, appellant filed the first formal renunciation of the will originally probated in 1991, and clarified as valid in the 1993 order. This action was commenced in October, 1995, and amended in September, 1996, with four main objectives: (1) to establish appellant's dower rights in the White farm; (2) to receive an accounting from the

---

1. Bruce Sanders had previously conveyed this piece of property to his father on February 19, 1982.

children of all property transferred to them by Murl Sanders from 1988 until his death; (3) to assert a claim of fraud against dower, claiming that Murl Sanders transferred property and personal assets to the children; and (4) to require that the executor of the estate pay appellant the spousal exemption as provided in Kentucky Revised Statute (KRS) 391.030. After submitting pleadings, supporting memoranda, and affidavits, both parties filed motions for summary judgment. Summary judgment was granted to appellees on January 10, 1997. This appeal followed.

Summary judgment is proper where the "pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rules of Civil Procedure (CR) 56.03. A party opposing a properly supported summary judgment motion must present at least some affirmative evidence of a genuine issue of material fact in order to defeat the motion. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, Ky., 807 S.W.2d 476, 482 (1991).

As previously stated, the central questions to this appeal are whether appellant received anything under the will entered into probate, and, if not, whether appellant made a timely renunciation of the will. The letter of H.B. Quinn and the affidavits filed in the record by appellees illuminate these issues. Quinn stated that the final sentence of Murl Sanders's will, dividing the balance of the estate among the children after appellant's death, "implies that there should be a trust for Marcella." Additionally, the uncontroverted affidavits of Bruce Sanders and Janice Sanders Boyd indicate that appellant received property under the will, namely, household property, an automobile, and all non-liquid assets of the estate. It is clear that appellant received property under the will.

■ The two applicable statutes are KRS 392.020 and KRS 392.080. KRS 392.080(1) states, in pertinent part:

When a husband or wife dies testate, the surviving spouse may, though under full age, release what is given to him or her by will, if any, and receive his or her share

under KRS 392.020 as if no will had been made.... Such relinquishment shall be made within six (6) months after the probate....

KRS 392.020 defines the extent of the dower interest in both real estate and personalty for the surviving spouse should a husband or wife die intestate. In order to assert her rights under KRS 392.020, however, appellant must have renounced the will according to the terms of KRS 392.080. The Supreme Court stated in *Hannah v. Hannah*, Ky., 824 S.W.2d 866, 868 (1992), that:

[i]f the widow is not satisfied with the will provisions, she can elect to seek her statutory remedy. But the plain language of the statute makes clear that she cannot have both.

Because no evidence in the record contradicts the statements of Mr. Quinn, Bruce Sanders, and Janice Boyd Sanders that appellant received and took property under the will, the trial court did not err in awarding summary judgment to appellees.

■ Appellant also contends that the transfer of White Farm as well as other transfers of assets from the decedent to his children were fraudulent attempts to defeat her dower, relying on *Harris v. Rock*, Ky., 799 S.W.2d 10 (1990), to support this claim. However, *Harris* is not controlling. Because appellant failed to renounce the will in a timely fashion, the proper standard for determining this claim is set forth in *Hannah*. There, as in this case, the widow did not renounce the will as required by KRS 392.080, but instead probated the will and accepted the benefits provided in the will. The Court noted that by doing this, the widow lost her right to her dower interest, and must take as any other devisee under the will. "Because she has no dower interest, she has no standing to assert her claim that a fraudulent transfer was made to defeat her dower interest." 824 S.W.2d at 868.

Appellant's final contention, one which we find has merit, is that she is entitled to the widow's exemption provided by KRS 391.030, which provides in pertinent part:

(1) Except as otherwise provided in this chapter, where any person dies intestate as to his personal estate, or any part thereof, the surplus, after payment of funeral expenses, charges of administration, and debts, shall pass and be distributed among the same persons, and in the proportions, to whom and in which real estate is directed to descend, except as follows:

\* \* \*

(c) Personal property or money on hand or in bank to the amount of seven thousand five hundred dollars ($7,500) shall be exempt from distribution and sale and shall be set apart by the District Court having jurisdiction over the estate on application to the surviving spouse. . . .

\* \* \*

(4) The exemption provided in this section applies where the husband or wife dies testate.

Appellees concede that this issue rests on which version of the statute is adopted by the Court.

█ In *Brown v. Sammons*, Ky., 743 S.W.2d 23 (1988), the Supreme Court held that a spouse who renounces the decedent's will is not entitled to receive the exemption provided by this statute. However, the Court was interpreting a version of the statute that did not contain the statute's current § 4. The holding in *Brown* placed considerable emphasis on the fact that the General Assembly had expressly removed a similar provision, which had additionally required that the surviving spouse renounce the will,

from the statute in 1982. The Legislature restored § 4, without the renunciation provision, in 1992. Courts must presume that by amending a statute, the Legislature intended to effect a change in the law. *Id.* at 24. Therefore, we must presume that the General Assembly intended to restore to the surviving spouse the exemption by its most recent amendment of this statute.

█ The trial court applied *Hannah* and determined that appellant was barred from asserting any of her marital rights against the estate due to her failure to timely renounce the will. However, reliance on *Hannah* is misplaced concerning this exemption. Based upon the recent legislative history of KRS 391.030, and according to the version of the statute currently in effect, a surviving spouse is not required to renounce the decedent's will in order to assert a claim for the exemption. Accordingly, the trial court improperly dismissed appellant's claim to the widow's exemption, and the decision of the trial court is reversed as to this issue.

The decision of the Trigg Circuit Court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

All concur.