**Ralph HENDERSON, Appellant,**

v.

**Deanna THOMAS, individually, and as Executrix of the Estate of Ruth Henderson, Deceased, Appellee.**

No. 2002–CA–002325–MR.

Court of Appeals of Kentucky.

March 5, 2004.

R. Aaron Hostettler, Hamm, Milby & Ridings, London, KY, for appellant.

Marcia A. Smith, Corbin, KY, for appellee.

Before GUIDUGLI, McANULTY and MINTON, Judges.

## OPINION

MINTON, Judge.

Ralph Henderson appeals from an order of the Knox Circuit Court dismissing his complaint against his former step-daughter, Deanna Thomas, whom he had sued individually and as the personal representative of the estate of his late wife, Ruth. Henderson claims that Ruth, aided by Deanna, fraudulently transferred personal property before her death and by her will that deprived him of his spousal right to a share of Ruth's property. The circuit court ruled that Henderson's failure to make a timely renunciation of Ruth's will barred all of his claims. Because we hold that the circuit court correctly applied the law, we affirm.

Ralph and Ruth Henderson were married to each other for about four years; but they were living separately when Ruth died on October 25, 1999. Several months

before her death, Ruth confronted Henderson about his admitted marital infidelity.[1] Henderson claims that following that confrontation, Ruth, knowing of her terminal medical condition and aided by her daughter Deanna, systematically disposed of personal property to defeat Ralph's spousal interest in it. Specifically, Henderson alleges that Ruth replaced his name with Deanna's as a joint owner with her of their mobile home, traded their jointly owned automobile, cashed their jointly owned certificate of deposit, and drained their joint checking account.

Ruth's will was probated and Deanna was appointed executrix in an order entered November 24, 1999. Ruth's will nominated Deanna as executrix and divided all of Ruth's property equally between her daughters, Deanna, and Mona Reynolds. Ruth left Henderson nothing by will. It is undisputed that Henderson did not attempt to renounce the will in the manner required by KRS 392.080(1). Instead, he filed suit in the Knox Circuit Court on April 4, 2000, demanding that Ruth's will be set aside and that the property she transferred be restored to her estate so that he could ultimately take his share of her property as her surviving spouse. He also demanded damages for fraud from Ruth's estate and from Deanna.

On the morning of the jury trial, the court granted Deanna's renewed motion to dismiss Henderson's complaint in its entirety. The sole basis stated by the court for the dismissal was Ralph's failure to renounce the will. This appeal eventually followed. In considering the propriety of the court's order terminating the litigation on a motion to dismiss, we must bear in mind that the moving party is not entitled to judgment unless it appears beyond doubt that the nonmoving party cannot prove any set of facts that would entitle him to relief.[2]

The crux of Henderson's suit is his entitlement to the surviving spouse's statutory share in the decedent's property created by KRS Chapter 392. In that chapter, the legislature has provided the surviving spouse with a "dower" or "curtesy" interest in the decedent's estate which he or she can assert, if there is a will, only by renouncing the will and releasing what is given to him or her under the will, if anything. The circuit court's dismissal in the instant case rests upon Henderson's failure to follow, substantially or otherwise, the renunciation steps outlined in KRS 392.080(1), which states, in relevant part, that

> When a husband or wife dies testate, the surviving spouse may, though under full age, release what is given to him or her by will, if any, and receive his or her share under KRS 392.020 [surviving spouse's interest section] as if no will had been made. . . . Such relinquishment shall be made within six (6) months after the probate. . . . If, within those six (6) months, an action contesting the will is brought, the surviving spouse need not make such relinquishment until within six (6) months succeeding the time when the action is disposed of.

Contrary to Henderson's arguments, Kentucky cases hold that the surviving spouse's failure to renounce the will results in the loss of the right to claim the statutory share in the decedent's estate. This is

---

1. One of the issues looming for the trial of this case was the voluntariness of Henderson's leaving the marital home to live with another woman. KRS 392.090(2) provides that if either spouse voluntarily leaves the other and lives in adultery, the "offending party" forfeits the spousal share.

2. *Bagby v. Koch*, Ky.App., 98 S.W.3d 521, 522 (2002).

true even when the will makes no provision for the surviving spouse.[3] The further effect of Henderson's failure to renounce the will is the loss of standing to claim that the alleged fraudulent transfers Ruth made before she died deprived him of his statutory share.[4]

■ Henderson raises an alternative theory that he did not present for consideration by the trial court: the filing of the complaint in circuit court within six months following the appointment of the personal representative tolled the running of the renunciation period until the circuit court action is concluded. Specifically, Henderson now asserts that words in the *ad damnum* paragraph of his complaint to the effect that Ruth's will should be set aside is sufficient to make this "an action contesting the will" to interrupt the running of the six months' time for renunciation.

■ We will not consider a theory of the case that is not preserved for appellate review. However, even if the issue were properly preserved, we would hold that it lacks merit. When a husband or wife dies testate, the renunciation process outlined in KRS 392.080(1) is the exclusive remedy by which the surviving spouse may make a claim to the statutory share.[5] Since the relief Henderson is seeking here is his elective share, he cannot contest the will to get it.[6]

The remaining issues raised in the parties' briefs are not pertinent to this appeal and, therefore, are not addressed in this opinion. For the reasons stated above, the circuit court's dismissal is affirmed.

ALL CONCUR.

**3.** *Hedden v. Hedden,* Ky., 312 S.W.2d 891, 893 (1958); *Hannah v. Hannah,* Ky., 824 S.W.2d 866, 868 (1992).

**4.** *Hannah, supra,* at 868.

**5.** *Harlow v. Harlow,* Ky., 551 S.W.2d 230, 232–233 (1977).

**6.** *Eckert v. Givan,* 298 Ky. 621, 183 S.W.2d 809 (1944); *Egbert v. Egbert,* 186 Ky. 486, 217 S.W. 365 (1920).